## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| TONY BOWEN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | Case No. 2:22-cv-02833-JPM-tmp |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

Before the Court is Movant Tony Bowen's ("Movant's" or "Bowen's") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (ECF No. 1.)  For the reasons stated below, Bowen's Motion is **DENIED**.

## I.    BACKGROUND

Bowen is a federal prisoner housed at Federal Correctional Institute (FCI) Pollock in Grant Parish, Louisiana.  (Id. at PageID 1.)

### A.    Indictment and Charges

On May 16, 2019, a grand jury in this District returned an indictment against Bowen and others.  (2:19-cr-20125-JPM (W.D. Tenn.), ECF No. 4.)  The grand jury charged Bowen with five counts: (1) conspiracy to burglarize a business registered with the Drug Enforcement Administration (DEA) with intent to steal a controlled substance in violation of 18 U.S.C. § 2118(d); (2) the burglary of the Walgreens pharmacy located at 1424 Union Avenue in Memphis, Tennessee on October 19, 2017, in violation of 18 U.S.C. § 2118(b) and 18 U.S.C. §

2; (3) the burglary of a Walgreens in Columbus, Ohio, on May 12, 2018, during which Bowen committed the assault of a law enforcement officer, in violation of 18 U.S.C. § 2118(b), (c)(1), and 18 U.S.C. § 2; (4) assault on a law enforcement officer utilizing a dangerous weapon (an automobile), in violation of 18 U.S.C. § 111(a) and (b); and (5) convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  (See id. at PageID 16–24; ECF No. 7 at PageID 32–33.)  The Notice of Penalties indicated as to Count 5 that "if the defendant has three prior convictions for violent felonies or serious drug offenses, then the punishment shall be not less than 15 years imprisonment, and not more than life imprisonment, not more than a $250,000 fine, or both, not more than a 5 year period of supervised release, and a mandatory special assessment of $100."  (2:19-cr-20125-JPM (W.D. Tenn.), ECF No. 4-1 at PageID 27 (citing 18 U.S.C. § 3013(a)) (citation modified).)

### B.    Appointment of Counsel and Guilty Plea

On June 21, 2019, the Court appointed Murray B. Wells ("Wells") as counsel for Bowen.  (ECF No. 30.)  On June 26, 2019, Bowen pled not guilty to all counts.  (2:19-cr-20125-JPM (W.D. Tenn.), ECF No. 55 (Min. Entry).)

On October 22, 2019, Bowen entered a guilty plea as to Counts 1, 3, and 5, with the Government dismissing Counts 2 and 4.  (2:19-cr-20125-JPM (W.D. Tenn.), ECF Nos. 113 (Min. Entry), 114 (Plea Ag.).)  At the change of plea hearing, the Court reviewed the plea agreement with Bowen.  (See 2:19-cr-20125-JPM (W.D. Tenn.), ECF No. 162.)  There, Bowen confirmed he was not threatened, compelled, or forced into his guilty plea.  (Id. at PageID 743:9–744:2.)  Bowen also confirmed he understood his right to a trial.  (Id. at PageID 743:19–24.)  Bowen then confirmed he wished the Court to accept his guilty plea.  (Id. at PageID 743:25–744:2.)

The Court reviewed with Bowen the maximum penalties as to each count.  (Id. at PageID 757:3–759:25.)  As to Count 5, the Court told Bowen that if he had three prior convictions, then the maximum penalty would change to "no less than 15 years in prison, not more than [a] $250,000 fine," "not more than life in prison," "five years of supervised release, [and a] $100 special assessment."  (Id. at PageID 758:8–22.)  This is the Armed Career Criminal Act (the "ACCA") enhancement under 18 U.S.C. § 924(e).  The Court, however, cautioned Bowen that the Court would not know if the enhanced maximum penalty would apply "until it got the final assessment of Bowen's criminal history with the presentence report."  (Id. at PageID 759:12–24 (citation modified).)  Bowen confirmed he understood this.  (Id. at PageID 759:25.)  The same day, the Court accepted Bowen's guilty plea.  (2:19-cr-20125-JPM (W.D. Tenn.), ECF No. 115 at PageID 199.)

As part of his plea agreement, Bowen waived his appellate rights under 18 U.S.C. § 1372. (2:19-cr-20125-JPM (W.D. Tenn.), ECF No. 114 at PageID 196–97.)  Bowen also agreed to a collateral attack waiver, where he "knowingly and voluntarily waive[d] his right [to challenge his sentence pursuant to 28 U.S.C. § 2255]."  (Id. at PageID 197.)  The collateral attack waiver, however, did not apply to claims relating to prosecutorial misconduct or ineffective assistance of counsel.  (Id.)

### C.    Presentence Reports, Motion to Withdraw Guilty Plea, and Sentencing

On December 13, 2019, the Probation Office filed its Draft Presentence Report (PSR).  (2:19-cr-20125-JPM (W.D. Tenn.), ECF No. 130.)  In the Draft PSR, the Probation Office classified Bowen as an Armed Career Criminal due to his five prior Tennessee convictions for burglary of a building.  (See id. ¶¶ 154–56, 158–59.)  This classification would subject him to the ACCA enhancement.  (Id. ¶¶ 148, 205, 223.)  On January 3, 2020, the Government filed its

3

Position Regarding the Draft PSR and recommended the statutory minimum of 180 months under the ACCA. (2:19-cr-20125-JPM (W.D. Tenn.), ECF No. 136.) Bowen did not file a response to the Draft PSR.

On January 9, 2020, the Probation Office filed its Final PSR. (2:19-cr-20125-JPM (W.D. Tenn.), ECF No. 141.) The Probation Office again classified Bowen as an Armed Career Criminal. (Id. ¶¶ 148, 205, 223.) Based on a total offense level of 30 and a criminal history category of V, Bowen's initial guideline sentencing range was 151 months to 188 months. (Id. ¶ 201.) Bowen's classification as an Armed Career Criminal, however, required a minimum sentence of 15 years such that his guideline range became 180 months to 188 months. (Id.) The Probation Office recommended a sentence of 188 months. (2:19-cr-20125-JPM (W.D. Tenn.), ECF No. 141-2 at PageID 505.)

On February 11, 2020, Bowen filed a Motion to Continue the Sentencing Hearing. (2:19-cr-20125-JPM (W.D. Tenn.), ECF No. 171.) Bowen stated he was considering moving to withdraw his guilty plea, although he did not wish to do so at that time. (Id. ¶¶ 3–4.) Bowen instead sought a short continuance to allow for additional time to respond to the Final PSR. (Id. ¶ 5.) The Court granted the continuance. (2:19-cr-20125-JPM (W.D. Tenn.), ECF No. 172.)

On August 13, 2020, Bowen filed a motion to withdraw his guilty plea. (2:19-cr-20125-JPM (W.D. Tenn.), ECF No. 270.) In support, Bowen argued (1) he was not advised that his prior convictions for burglary would qualify him for the ACCA enhancements under 18 U.S.C. § 924(g)(1); and (2) there was evolving caselaw regarding what charges trigger an ACCA enhancement. (Id. at PageID 1239–40.)[1] On September 18, 2020, the Court denied Bowen's

---

[1] Bowen also argued the COVID-19 pandemic constituted an "extraordinary circumstance" such that the Court should grant his Motion to Withdraw. (Id. at PageID 1240.) Because that argument is not relevant to the instant Motion, the Court does not address it.

4

motion to withdraw his guilty plea.  (2:19-cr-20125-JPM (W.D. Tenn.), ECF No. 286.)

On September 28, 2020, Bowen filed his Objections and Position to the Final PSR. (2:19-cr-20125-JPM (W.D. Tenn.), ECF No. 287.)  Bowen argued (1) he should be sentenced at the 180-month mark, as opposed to the 188-month mark recommended by the Probation Office; and (2) imposition of a sentence consecutive to any state charge would not serve any legitimate purpose.  (Id. at PageID 1294.)  Notably, Bowen did not make new arguments as to whether he was properly classified as an Armed Career Criminal, but rather "submit[ted] on the issue."  (Id. at PageID 1293.)

On November 15, 2011, the Court sentenced Bowen to imprisonment for a total of 180 months: 120 months as to Count 1 and 180 months as to each of Counts 3 and 5, to run concurrently with each other.  (2:19-cr-20125-JPM (W.D. Tenn.), ECF No. 293 at PageID 1312.)  Bowen's sentence was to run consecutively with any state charges.  (Id.)  The Court sentenced Bowen as an Armed Career Criminal based on his prior Tennessee burglary convictions.  (See 2:19-cr-20125-JPM (W.D. Tenn.), ECF No. 130 ¶¶ 154–56, 158–59.)

### D.    Appeals

On October 16, 2020, Bowen appealed his sentence.  (2:19-cr-20125-JPM (W.D. Tenn.), ECF No. 304.)  On November 23, 2020, the Sixth Circuit appointed Kenneth P. Tableman ("Tableman") as Bowen's counsel.  (2:19-cr-20125-JPM (W.D. Tenn.), ECF No. 309.)  On appeal, Bowen argued he did not have multiple convictions for the purposes of the ACCA.  (See 20-6227 (6th Cir.), ECF No. 23 at PageID 8, 12.)  The Government moved to dismiss the appeal subject to Bowen's waiver of his appellate rights.  (20-6227 (6th Cir.), ECF No. 25.)

On September 30, 2021, the Sixth Circuit granted the Government's motion to dismiss, finding Bowen's waiver of his appellate rights to be binding.  (See 2:19-cr-20125-JPM (W.D.

5

Tenn.), ECF No. 336 at PageID 1721–22.)  Additionally, the Sixth Circuit found Bowen's claims failed on their merits.  (Id.)

On November 10, 2021, Bowen moved for Supreme Court review.  (2:19-cr-20125-JPM (W.D. Tenn.), ECF No. 337.)  On December 14, 2021, the Supreme Court denied Bowen's petition for writ of certiorari.  (2:19-cr-20125-JPM (W.D. Tenn.), ECF No. 339.)

### E.    Bowen's § 2255 Motion

On December 7, 2022, Bowen filed the instant Motion.  (ECF No. 1.)  On January 27, 2023, the Government responded.  (ECF No. 7.)  With its Response, the Government filed a declaration from Wells and an affidavit from Tableman.  (ECF Nos. 8, 8-1.)  Bowen has not replied.

## II.    LEGAL STANDARD

A § 2255 motion "permits district courts to vacate, set aside, or correct sentences in federal cases."  Pough v. United States, 442 F.3d 959, 964 (6th Cir. 2006).  "A prisoner seeking relief pursuant to § 2255 "'must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'"  Id. (quoting Mallett v. United States, 334 F.3d 491, 496–97 (6th Cir. 2003)).

## III.    ANALYSIS

The Court first addresses whether Bowen's § 2255 waiver in his plea agreement is valid and enforceable.  The Court then addresses any surviving grounds for relief.

### A.    Waiver

#### i.    Legal Standard

A prisoner may waive his right to bring a postconviction challenge under § 2255.  See

6

Portis v. United States, 33 F.4th 331, 334 (6th Cir. 2022)  Such waiver must be done knowingly and voluntarily.  Id.  "Plea agreements are contractual in nature" and "are to be enforced according to their terms."  United States v. Moncivais, 492 F.3d 652, 662 (6th Cir. 2007).

      *ii.*        *Analysis*

The Court "begin[s] and end[s] with the plea agreement."  See Portis, 33 F.4th at 334. Because Bowen "knowingly and voluntarily waive[d] his right [to challenge his sentence pursuant to 28 U.S.C. § 2255]," (2:19-cr-20125-JPM (W.D. Tenn.), ECF No. 114 at PageID 197), he "waived his right to challenge his conviction in a proceeding under 28 U.S.C. § 2255." See Portis, 33 F.4th at 334 (citation modified).

Next, the Court examines if Bowen executed his collateral attack waiver knowingly and voluntarily.  See id.  The Government argues Bowen did so.  (ECF No. 7 at PageID 40.)  Bowen argues the waiver was not "voluntary and intelligent" because (1) his counsel "induced" a guilty plea "based on erroneous advice"; (2) "the Court never informed Bowen [that his] federal sentence could run consecutive to [a] state sentence"; (3) Bowen "did not receive true notice of essential elements of Counts 3 and 5, and in fact received misleading instruction from the Court[] that Count 5 [carried] a 10 year max sentence"; and (4) Bowen "did not understand the nature of the charges."  (ECF No. 1-1 at PageID 15–16.)

The Court finds Bowen knowingly and voluntarily waived his right to collaterally attack his conviction.  See Portis, 33 F.4th at 334.  First, the plea agreement indicates Bowen "freely and voluntarily entere[ed] into [the] plea agreement," which contained an explicit § 2255 waiver.  (2:19-cr-20125-JPM (W.D. Tenn.), ECF No. 114 at PageID 196–97.)  Second, at the change of plea hearing, the Court reviewed the plea agreement with Bowen.  (See 2:19-cr-20125-JPM (W.D. Tenn.), ECF No. 162.)  There, the Court confirmed Bowen was not

threatened, compelled, or forced into the plea agreement and his guilty plea. (Id. at PageID 743:9–744:2.) Bowen confirmed he understood his right to a trial. (Id. at PageID 743:19–24.) Understanding those things, Bowen confirmed that he wished for the Court to accept his guilty plea. (Id. at PageID 743:25–744:2.)

Because Bowen indicated he understood his right to challenge his conviction, freely and voluntarily entered into the plea agreement, and was not threatened to plead guilty, he knowingly and voluntarily executed the collateral attack waiver. See Watson v. United States, 165 F.3d 486, 489 (6th Cir. 1999); see also Stewart v. United States, No. 1:20-cv-01234-JDB-jay, 2022 WL 16855792, at *6 (W.D. Tenn. Nov. 10, 2022) (finding knowing and voluntary waiver of the movant's right to bring a § 2255 challenge where he "signed the plea agreement and affirmed in open court and under oath that he understood the rights he was waiving"), aff'd, No. 22-6060, 2023 WL 8525593 (6th Cir. Dec. 8, 2023).

Accordingly, Bowen may only assert claims relating for prosecutorial misconduct or ineffective assistance of counsel. (See 2:19-cr-20125-JPM (W.D. Tenn.), ECF No. 114 at PageID 197.)[2] The Court now considers to Bowen's asserted grounds for vacating his sentence.

### B.    Bowen's Grounds for Vacating His Sentence

Bowen advances six grounds as to why the Court should vacate his sentence: (1) the Court "lacked jurisdiction to impose [an] enhanced sentence [under the ACCA]"; (2) "Wells violated Mr. Bowen's [Sixth] Amendment right to counsel during a critical stage of the proceedings"; (3) "Wells provided constitutionally ineffective assistance of counsel during pretrial negotiations"; (4) Bowen's guilty plea was not voluntary and intelligent; (5) Bowen was

---

[2] Additionally, courts do not enforce collateral attack waivers if the Government breaches the plea agreement or the waiver is "infected by race discrimination." Portis, 33 F.4th at 335. Because Bowen does not raise either of these grounds, (cf. ECF No. 1 at PageID 4–7, 14–19), the Court does not consider them.

denied due process in violation of the Fifth Amendment; and (6) "Tableman was constitutionally ineffective in his representation o[n] [d]irect [a]ppeal." (ECF No. 1 at PageID 4–7; ECF No. 1-1 at PageID 14–19.)

The Court addresses each in turn, first analyzing whether Bowen waived the ground, then turning to the merits as necessary.

> ### i.    Ground One—The Court's "Jurisdiction" to Impose an ACCA Sentence

Bowen alleges the Court "lacked jurisdiction to impose [an] enhanced sentence [under the ACCA]." (ECF No. 1 at PageID 4.)  In support, Bowen gives three supporting facts: (1) the Government "failed to comply with [the] statutory requirement of prior notice to [Bowen] and [his] counsel"; (2) the Government "failed to file pre-plea information with respect to [Bowen's] prior convictions"; and (3) the Government "conceded the burglary of building [convictions] did not constitute crimes of violence because they were not aggravated burglary." (Id.)

This ground does not allege prosecutorial misconduct or ineffective assistance of counsel. (Cf. id.)  Bowen's collateral attack waiver thus precludes this challenge. (See 2:19-cr-20125-JPM (W.D. Tenn.), ECF No. 114 at PageID 197.)

> ### ii.    Ground Two—Violation of Sixth Amendment Right to Counsel by Wells

Bowen alleges Wells "violated [his Sixth] Amendment right to counsel during a critical stage of the proceedings." (ECF No. 1 at PageID 5.)  In support, Bowen states (1) Wells "failed to meet and consult with [him] during pretrial negotiations and prior to [the] guilty plea hearing"; (2) he "stated to the [C]ourt he had not met Mr. Wells and just met . . . stand-in counsel[] prior to being induced to change [his] plea to guilty"; and (3) he "was prejudiced." (Id.)

To establish a claim for violation of right of counsel, Bowen must show he was

prejudiced by demonstrating he was "denied counsel at a critical stage of his trial" or "counsel entirely fail[ed] to subject the prosecution's case to meaningful adversarial testing." See United States v. Cronic, 466 U.S. 648, 659–60 (1984). Such a claim, however, is not for ineffective assistance of counsel or prosecutorial misconduct. (See ECF No. 1 at PageID 5); Cronic, 466 U.S. at 659–60. This ground is thus waived under Bowen's plea agreement. (See 2:19-cr-20125-JPM (W.D. Tenn.), ECF No. 114 at PageID 197.)

Some courts, however, have construed a claim for violation by a movant's attorney of right to counsel as a claim for ineffective assistance of counsel. See, e.g., Perez-Aguilar v. Corrigan, No. 1:22-cv-1070, 2024 WL 1152268, at *1, *11 (W.D. Mich. Mar. 18, 2024), certificate of appealability denied sub nom. Perez-Aguilar v. Howard, No. 24-1340, 2024 WL 4800717 (6th Cir. Aug. 13, 2024), cert. denied, 145 S. Ct. 1094 (2025). This would fall under an exception to Bowen's collateral attack waiver. (See 2:19-cr-20125-JPM (W.D. Tenn.), ECF No. 114 at PageID 197.)

Even if this ground falls outside the collateral attack waiver, Bowen's arguments are unavailing. Bowen alleges violations by Wells based on conduct occurring before Bowen's guilty plea. (See id.) However, "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." United States v. Stiger, 20 F. App'x 307, 309 (6th Cir. 2001) (citing Tollett v. Henderson, 411 U.S. 258, 266–67 (1973)). Here, Bowen voluntarily and knowingly admitted his guilt as to Counts 1, 3, and 5 before the Court. (See 2:19-cr-20125-JPM (W.D. Tenn.), ECF No. 162 at PageID 743:25–744:2); supra Section III.A.ii. Thus, he may not assert his Sixth Amendment claims for conduct that allegedly arose before his guilty plea. (See ECF

No. 1 at PageID 5); <u>Stiger</u>, 20 F. App'x at 309; <u>see also</u> <u>Mays v. United States</u>, No. 1:19-cr-10120-JDB-1, 2025 WL 2025382, at *2 (W.D. Tenn. July 18, 2025) (finding the movant waived a claim for ineffective assistance of counsel based on pre-plea conduct by his attorney by subsequently entering a voluntary guilty plea).

       iii.       *Ground Three—Constitutionally Ineffective Assistance of Counsel by Wells*

Bowen alleges Wells "provided [him] constitutionally ineffective assistance of counsel during pretrial negotiations." (ECF No. 1 at PageID 7.) This falls within an exception to his collateral attack waiver. (<u>See</u> 2:19-cr-20125-JPM (W.D. Tenn.), ECF No. 114 at PageID 197.) The Court thus addresses the merits.

       a.       <u>Legal Standard</u>

To establish a claim of ineffective assistance of counsel, a movant must prove that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient performance prejudiced the movant resulting in an unreliable or fundamentally unfair outcome. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). To establish prejudice, a movant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." <u>Id.</u> at 694.

The Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>See id.</u> at 689. The Court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." <u>See id.</u> at 690. Even if the Court determines that counsel's performance was outside that range, the movant is not entitled to relief if counsel's error had no effect on the judgment. <u>Id.</u> at 691.

b.  Analysis

In support of his ground of ineffective assistance of counsel, Bowen gives the following

facts-in-support:

1.  Counsel failed to meet or consult with Mr. Bowen [at] any time during pretrial negotiations, failed to conduct any pretrial investigation, failed to hire an investigator to conduct such investigation, an[d] advised Mr. Bowen unreasonably to plea[d] guilty to uninvestigated offenses, while relying on the [G]overnment[' ]s version of facts.

2.  Counsel failed to review the [G]overnment's evidence to find exculpatory materials to file pretrial motions and prepare for trial.

3.  Counsel failed to investigate Mr. Bowen's criminal history before getting him to plea[d] guilty.

4.  Counsel conceded to being ineffective for not reviewing the [G]overnment's evidence and not recognizing the potential in, or Mr. Bowen being, a career offender.

5.  Counsel failed to advise Mr. Bowen of constructive possession and dominion and control element of Count 5 since firearm was not found on his person and was located in the bathroom of Bryan Presley's home, separated from him, as stated during allocution.

6.  Counsel failed to advise Mr. Bowen of the elements of assaulting an officer and putting that officer's life in danger with a motor vehicle while reversing away from the officer, getting out, and running away, as stated during allocution.

7.  Counsel failed to research the law and recognize the change in law which would have shown Tennessee burglary statute to be a predicate offense for [the ACCA].

8.  Counsel failed to file a timely motion to withdraw guilty [plea] after [PSR] ACCA recommendation.

9.  Counsel failed [to] meet and consult adequately with Mr. Bowen prior to guilty plea hearing, after denial of motion to withdraw guilty plea, and sentencing.

10. Counsel gave misadvice and misinformation about Mr. Bowen's criminal history and being an armed career offender, failed to advise him of an affirmative defense for [C]ounts 3 and 5, and induced a guilty

> plea without investigating the facts. Had counsel investigated the facts
> of the case and properly and/or correctly informed him of the elements
> of these crimes, Mr. Bowen would not have pleaded guilty and would
> have insisted on going to trial.

(ECF No. 1-1 at PageID 14–15.)

Bowen again raises facts regarding alleged constitutional violations occurring before his guilty plea. (See ECF No. 1-1 at PageID 14–15.) Specifically, facts-in-support 1, 2, 3, and 9[3] all arise from conduct occurring before Bowen's guilty plea. Accordingly, Bowen waived these claims by his subsequent guilty plea. See Tollett, 411 U.S. at 267; see also Mays, 2025 WL 2025382, at *2; Walden v. Curley, No. 2:22-cv-179, 2023 WL 8539739, at *7 (W.D. Mich. Dec. 11, 2023) (finding claims of "failure to pursue what [the movant] believe[d] were available defenses" were waived by a subsequent guilty plea).

Thus, only facts-in-support 4–10 remain. (See ECF No. 1-1 at PageID 14–15.)[4] The Court addresses each in turn.

Fact-in-support 4 is unavailing because it has no support in the record. Wells never "conceded to being ineffective." The basis of Bowen's argument appears to be Bowen's belief that Wells did not inform Bowen that he could possibly be considered an Armed Career Criminal. (See ECF No. 1-1 at PageID 14.) This, however, is contradicted by Wells' sworn declaration that Wells and Bowen reviewed the sentencing guidelines to see if the ACCA applied prior to the change of plea hearing. (ECF No. 8 ¶ 15.) Although Bowen has had ample time to file a reply, affidavit, or declaration to dispute Wells' declaration, he has not done so. Because Wells' declaration is "credible, factually supported, and undisputed," it does not

---

[3] Fact-in-support 9 only partially relates to pre-plea conduct. (See ECF No. 1-1 at PageID 15.) Specifically, Bowen's allegation that Wells " failed [to] meet and consult adequately with [him] prior to [the] guilty plea hearing." (Id.)

[4] The Court considers the remainder of fact-in-support 9 which post-dates the plea. See supra n.3.

support Bowen's claim that Wells provided ineffective assistance of counsel.  See Tipton v. United States, No. 1:09-cr-86, 2013 WL 4856197, at *9 (E.D. Tenn. Sept. 10, 2013). Furthermore, Bowen was provided notice that he could possibly be considered a career offender at the change of plea hearing.  (See 2:19-cr-20125-JPM (W.D. Tenn.), ECF No. 162 at PageID 759:12–25.)  Because he was given notice that he could possibly be considered a career offender under the ACCA, Bowen was not prejudiced by Wells' performance.  See Strickland, 466 U.S. at 694.

Facts-in-support 5 and 6 regarding failure to advise are unavailing because they are contradicted by Wells' declaration.  Wells states he "reviewed the elements of each charge against Mr. Bowen with him."  (ECF No. 8 ¶ 13.)  "This included the elements related to the assault on the law enforcement officer with which Bowen was charged and the elements related to the felon in possession of a firearm charge and the associated facts with those charges."  (Id.) Regarding fact-in-support 5, Wells "explained the significance of the handgun that Bowen was being charged with possessing being found in the bathroom floor with Mr. Bowen during the execution of the search warrant at Presley's residence."  (Id.)  Regarding fact-in-support 6, Wells "also explained how the reversal of the vehicle during the flight from the Ohio pharmacy burglary and the subsequent striking of the police vehicle was considered an assault on a law enforcement officer."  (Id.)  Because Wells' declaration is "credible, factually supported, and undisputed," Bowen cannot support his claim that Wells provided ineffective assistance of counsel for a "failure to advise."  See Tipton, 2013 WL 4856197, at *9.

Regarding fact-in-support 7, Bowen cannot show ineffective assistance of counsel by Wells' alleged "fail[ure] to research the law" regarding Bowen's previous burglaries as predicate offenses for the ACCA.  (ECF No. 1-1 at PageID 15.)  First, Bowen cannot satisfy the

14

deficiency prong of <u>Strickland</u> because Wells gave an alleged inaccurate sentencing prediction.
<u>See</u> <u>United States v. Jones</u>, No. 1:13-cr-7, 2018 WL 10780482, at *4 (W.D. Mich. Apr. 19,
2018).  Second, Bowen cannot satisfy the prejudice prong of <u>Strickland</u> because Bowen entered
a knowing and voluntary guilty plea.  <u>See</u> <u>United States v. Pola</u>, 703 F. App'x 414, 423 (6th
Cir. 2017) ("When an ineffective-assistance claim is based on misleading information regarding
the consequences of a plea, a proper plea colloquy is generally deemed to cure any
misunderstanding the defendant may have had about the consequences of the plea.")  Because
Bowen "was clearly and thoroughly advised of the potential maximum penalty" at the change
of plea hearing, "any showing of actual prejudice attributed to his trial counsel's advice is
foreclosed."  <u>See</u> <u>Jones</u>, 2018 WL 10780482, at *4 (finding no ineffective assistance of counsel
where the movant asserted his trial counsel "fail[ed] to proper[ly] research the qualification of
his prior conviction" for sentencing enhancement purposes).  Because Bowen cannot satisfy
either <u>Strickland</u> prong, he cannot show Wells provided ineffective assistance of counsel
through fact-in-support 7.  <u>See</u> 466 U.S. at 687.

Bowen's fact-in-support 8 states "[Wells] failed to file a timely motion to withdraw [the]
guilty [plea] after [PSR] ACCA recommendation."  (ECF No. 1-1 at PageID 15.)  This
argument, however, fails.  Wells filed a motion to withdraw guilty plea, which the Court denied.
(ECF No. 286.)  The motion to withdraw guilty plea was thus meritless.  (<u>See</u> <u>id.</u>)  "Omitting
meritless arguments is neither professionally unreasonable nor prejudicial."  <u>Coley v. Bagley</u>,
706 F.3d 741, 752 (6th Cir. 2013).  Accordingly, there is no ineffective assistance of counsel in
Wells' "failure" to file a timely motion to withdraw guilty plea.  <u>See</u> <u>Zemke v. King</u>, No. 1:20-
cv-20, 2024 WL 33975, at *8 (W.D. Mich. Jan. 3, 2024) (finding "any claim that counsel
rendered ineffective assistance because he submitted a delayed or deficient motion for plea

withdrawal fail[ed]" because "the trial court's refusal to permit plea withdrawal was proper"), certificate of appealability denied sub nom. Zemke v. Douglas, No. 24-1121, 2024 WL 3770936 (6th Cir. June 21, 2024). Indeed, the timing is immaterial because motion to withdraw guilty plea was meritless. See id.

Bowen's fact-in-support 9 states Wells "failed [to] meet and consult adequately with Mr. Bowen . . . after denial of [the] motion to withdraw guilty plea[] and sentencing."[5] (ECF No. 1-1 at PageID 15.) This argument does not support an ineffective assistance of counsel claim, as Bowen does not show how he was prejudiced by the Wells' performance. Indeed, "as long as [Wells] devoted sufficient time to [e]nsure an adequate defense and to become thoroughly familiar with the facts of the case and the law applicable to the case," Bowen was not prejudiced. See Holmes v. MacLaren, No. 15-13795, 2022 WL 599307, at *8 (E.D. Mich. Feb. 28, 2022) (quoting Easter v. Estelle, 609 F.2d 756 (5th Cir. 1980)). The Court finds Wells devoted sufficient time and attention to Bowen's case over the course of "several meetings" where Wells discussed defense strategy, discovery, investigations, the elements of the offenses, plea negotiations, and the eventual motion to withdraw Bowen's guilty plea. (See ECF No. 8 ¶¶ 7, 10, 12–17.) Therefore, Bowen cannot establish that Wells' "fail[ure to] meet and consult adequately" with him constitutes ineffective assistance of counsel. See Holmes, 2022 WL 599307, at *8 (finding no ineffective assistance of counsel claim where the movant's counsel "was attentive to [his] concerns" by "discuss[ing] the possibility of a plea offer," "request[ing] lesser charges on his behalf," and "consult[ing] him about the possibility of calling witnesses").

Finally, the Court finds Bowen's fact-in-support 10 to be cumulative of his previous

---

[5] Bowen's full fact-in-support 9 states "[c]ounsel failed [to] meet and consult adequately with Mr. Bowen prior to guilty plea hearing, after denial of motion to withdraw guilty plea, and sentencing." (ECF No. 1-1 at PageID 15.) As stated previously, the Court considers only the portion of fact-in-support 9 which post-dates Bowen's guilty plea. See supra n.3; n.4.

facts-in-support.  (See ECF No. 1-1 at PageID 15.)  It is thus unavailing for the same reasons stated above.  The only unique addition is Bowen's assertion that Wells "failed to advise him of an affirmative defense for [C]ounts 3 and 5."  (Id.)  Bowen, however, does not specify which affirmative defenses.  (Cf. id.)  Thus, this assertion is a conclusory allegation insufficient to support his claim for ineffective assistance of counsel.  See Jefferson v. United States, 730 F.3d 537, 547 (6th Cir. 2003).

> iv.      *Ground Four—Guilty Plea Was Not Voluntary and Intelligent*

The Court previously concluded Bowen's guilty plea was voluntary and intelligent.  See supra Sections III.A.ii.  Accordingly, the Court finds this ground unavailing.

> v.       *Ground Five—Denial of Due Process*

Here, Bowen moves the Court to vacate his sentence due to a denial of due process in violation of the Fifth Amendment.  (ECF No. 1 at PageID 6, 17–18.)  This ground does not allege prosecutorial misconduct or ineffective assistance of counsel.  (Cf. id.)  Bowen's collateral attack waiver thus precludes a challenge on this ground.  (See 2:19-cr-20125-JPM (W.D. Tenn.), ECF No. 114 at PageID 197.)

Even if this ground was not waived, it is nonetheless unavailing.  "Due process requires only that a defendant have access to a record of his prior convictions and an opportunity to challenge them before being sentenced."  Grayer v. United States, No. 2:17-cr-20014-TLP-1, 2025 WL 1223108, at *3 (W.D. Tenn. Apr. 28, 2025) (citing United States v. Miller, 371 F. App'x 646, 650 (6th Cir. 2010)).  Because Bowen received notice that the ACCA applied to him months before sentencing, he had sufficient notice to satisfy due process.  (See 2:19-cr-20125-JPM (W.D. Tenn.), ECF No. 130 ¶¶ 148, 205, 223); Grayer, 2025 WL 1223108, at *3.

vi.     *Ground Six—Constitutionally Ineffective Assistance of Counsel by Tableman*

Bowen alleges Tableman "was constitutionally ineffective assistance in his representation o[n] [d]irect [a]ppeal." (ECF No. 1-1 at PageID 18.) This ground falls under an exception to Bowen's collateral attack waiver. (2:19-cr-20125-JPM (W.D. Tenn.), ECF No. 114 at PageID 197.) The Court thus addresses the merits.[6]

In support of his claim for ineffective assistance of counsel as to Tableman, Bowen gives the following facts-in-support:

1.  Counsel failed to consult with Mr. Bowen about appeal and how to perfect appeal to Mr. Bowen's standards and/or approval.

2.  Counsel failed to raise dead-bang winner for Mr. Wells being ineffective in his representation for failing to advise Mr. Bowen of being a career offender (armed) prior to changing his plea to guilty.

3.  Counsel also failed to raise other issues listed above.

4.  Counsel's Appeal Brief was inadequate, as it raised one issue when other non-frivolous issues [existed] for appeal. If Mr. Tableman had raised these issues, Mr. Bowen may have been successful in vacating the sentence with remand for re-sentencing without enhancement, or vacate conviction and remand for further proceedings.

(ECF No. 1-1 at PageID 18–19.) The Court addresses each in turn.

Fact-in-support 1 does not support Bowen's claim because Tableman did consult with Bowen regarding the ACCA enhancement. (See ECF No. 8-1 at PageID 70.) Tableman advised Bowen of his Armed Career Criminal status and attempted to appeal that status in spite of Bowen's appellate waiver. (See id. at PageID 70–71.) Accordingly, Tableman "devoted sufficient time to [e]nsure an adequate defense and to become thoroughly familiar with the facts

---

[6] "The Strickland standard that applies to trial counsel also applies to appellate counsel." Walker v. King, No. 1:23-cv-782, 2025 WL 501302, at *25 (W.D. Mich. Feb. 14, 2025). The Court thus considers Bowen's arguments in the context of the legal standard put forth in Section III.B.iii.a.

of the case and the law applicable to the case" such that Bowen was not prejudiced.  See Holmes,

2022 WL 599307, at *8 (quoting Easter, 609 F.2d 756).

Fact-in-support 2 fares no better.  As stated previously, Wells did not provide ineffective

assistance of counsel in his representation of Bowen at the trial level.  See supra Section

III.B.iii.b.    Accordingly, Tableman's failure to raise this issue on appeal "is neither

professionally unreasonable nor prejudicial." See Coley, 706 F.3d at 752.

Fact-in-support 3 appears to be a "catch-all" fact referencing all other facts as to all other

grounds.  (See ECF No. 1-1 at PageID 19.)  To the extent Bowen references facts from other

grounds, those are unavailing for the reasons previously stated.  See supra Section III.B.i–v.

Finally, fact-in-support 4 is unavailing.  Bowen does not specify the "other non-

frivolous issues" for appeal.  (See ECF No. 1-1 at PageID 19.)  This fact-in-support is thus a

conclusory allegation insufficient to support his claim for ineffective assistance of counsel.  See

Jefferson, 730 F.3d at 547.  To the extent Bowen argues the "other non-frivolous issues" were

the issues he previous gave, that is unavailing for the reasons previously stated.  See supra

Section III.B.vi.

IV.    **CONCLUSION**

For the reasons stated above, Bowen's Motion is **DENIED**.

V.    **APPELLATE ISSUES**

Pursuant to 28 U.S.C. § 2253(a), the Court must evaluate the appealability of its decision

denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the

applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §

2253(c)(2); see also Fed. R. App. P. 22(b).  No § 2255 movant may appeal without this COA.

The COA must indicate the specific issue or issues that make the required substantial showing.  28 U.S.C. §§ 2253(c)(2)–(3).  A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotation marks omitted).  A § 2255 "claim does not merit a [COA] unless every independent reason to deny the claim is reasonably debatable."  Moody v. United States, 958 F.3d 485, 488 (6th Cir. 2020).

Here, for the reasons previously stated, Bowen does not demonstrate a basis for waiver of his plea agreement nor any denial of a constitutional right.  See supra Sections I–III.  Thus, Bush cannot present a question about which reasonable jurists could debate.  See Miller-El, 537 U.S. at 336.  Accordingly, the Court **DENIES** a certificate of appealability.

To appeal in forma pauperis in a § 2255 case, a prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a).  Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).  A party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.  Fed. R. App. P. 24(a)(1).  However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must file his motion to proceed in forma pauperis in the appellate court.  See Fed. R. App. P. 24(a)(4)–(5).

Here, for the same reasons the Court denies a certificate of appealability, the Court also determines that any appeal would not be taken in good faith.  See Jones v. Frank, 622 F. Supp. 1119, 1124 (W.D. Tex. 1985) ("it is apparent to this Court that none of the alleged errors submitted by the Petitioner are meritorious and that they cannot be supported on appeal, and

that an appeal of this action, therefore, is not taken in good faith"). It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is **DENIED**. If Bowen files a notice of appeal, he must either pay the $605.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit within thirty days. See Fed. R. App. P. 24(a)(4)–(5).

     **IT IS SO ORDERED**, this the 18th day of August, 2025.


                  /s/ Jon P. McCalla

                  JON P. McCALLA
                  UNITED STATES DISTRICT JUDGE